**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| JANE DOE, | : | |
| | : | Hon. Michael A. Shipp, U.S.D.J. |
| Plaintiff, | : | Hon. Douglas E. Arpert, U.S.M.J. |
| | : | |
| v. | : | CIVIL ACTION NO. 3:16-cv-08640 |
| | : | |
| VINCENT T. ARRISI, *et. al*, | : | |
| | : | |
| Defendants. | : | |

**STATEMENT OF INTEREST**
**OF THE UNITED STATES OF AMERICA**

The United States of America submits this Statement of Interest pursuant to 28 U.S.C. § 517.[1] The United States has an interest in this litigation because Plaintiff has raised a constitutional challenge to a provision of the Americans with Disabilities Act ("ADA"), specifically 42 U.S.C. § 12211(b)(1), which excludes "transsexualism . . . [and] gender identity disorders not resulting from physical impairments" from the ADA's definition of "disability" (the "GID Exclusion"). *See* Plaintiff' Jane Doe's Brief Opposing Defendants' Motion to Dismiss (ECF No. 17); Notice of Constitutional Question (ECF No. 24).

It is well-settled that, if possible, courts should avoid resolving the constitutionality of a federal statute if it can be avoided. "If there is one doctrine more deeply rooted than any other in the process of constitutional adjudication, it is that we ought not to pass on questions of

---

[1] 28 U.S.C. § 517 provides: "The Solicitor General, or any other officer of the Department of Justice, may be sent by the Attorney General to any State or district in the United States to attend to the interests of the United States in a suit pending in a court of the United States, or in a court of a State, or to attend to any other interest of the United States." *See* 28 U.S.C. § 517.

constitutionality . . . unless such adjudication is unavoidable." *Spector Motor Serv. v. McLaughlin*, 323 U.S. 101, 105 (1944); *see also Nw. Austin Mun. Util. Dist. No. 1 v. Holder*, 557 U.S. 193, 204-06 (2009) ("[W]hen deciding which of two plausible statutory constructions to adopt, a court must consider the necessary consequences of its choice. If one of them would raise a multitude of constitutional problems, the other should prevail."); *Clark v. Martinez*, 543 U.S. 371, 381-82 (2005); *see also Siluk v. Merwin*, 783 F.3d 421, 434 (3d Cir. 2015) ("If a statute can be construed two ways, 'by one of which grave and doubtful constitutional questions arise and by the other of which such questions are avoided,' our duty is to 'adopt the latter.'") (quoting *United States v. Edmonds*, 80 F.3d 810, 819 (3d Cir. 1996)). The United States suggests that resolution of the constitutional challenge to the GID Exclusion may be avoided in this case.

Resolution of the constitutionality of the GID Exclusion may be avoided in this case, at least at this stage in the litigation, as a matter of statutory construction. The GID Exclusion excepts from the ADA's definition of "disability" those "gender identity disorders *not resulting from physical impairments*." 42 U.S.C. § 12211(b) (emphasis added).

Here, Plaintiff does appear to allege in her Complaint that her GID results from a physical impairment.[2] For example, Plaintiff alleges in her Complaint that she "is a trans person who has been diagnosed with [Gender Dysphoria ("GD")]," and that "[t]rans is a biological condition, likely due to brain neuroanatomy and the formation of that brain neuroanatomy in the womb." Pl's Compl. ¶¶ 31-32, 58. She further alleges that "[t]rans people are diagnosed as suffering from GD when they have 'clinically significant distress' associated with being trans."

---

[2] In this regard, Plaintiff's complaint is distinguishable from *Blatt v. Cabela's Retail, Inc.*, No. 5:14-cv-04882, 2015 WL 9872493 (E.D. Pa. Nov. 16, 2015). The *Blatt* Complaint did not include allegations that the plaintiffs' GID resulted from a physical impairment.

*Id.* at ¶ 41.  She contends that GD is a disability "within the meaning of the ADA in that it substantially impairs one or more major life activities, including, but not limited to, interacting with others, reproducing, and social and occupational functioning." *Id.* at ¶ 57.  Accepting Plaintiff's allegations as true,[3] *Bistrain v. Levi*, 696 F.3d 352, 365 (3d Cir. 2014), she has plausibly alleged that her GID is the result of a physical impairment and, accordingly, has pled facts sufficient to fall outside of the GID Exclusion.

Accordingly, because Plaintiff has alleged that her GD resulted from a "physical impairment," *see* 42 U.S.C. § 12211(b)(1), by definition she has alleged that she falls within the statutory protections of the ADA.  This renders the need to address the constitutionality of the GID Exclusion, at least at this stage of the litigation, unnecessary.  Because a reasonable construction of the GID Exclusion would obviate the need to address the constitutionality of the provision, the United States respectfully suggests that the Court first consider Plaintiff's allegation that her gender dysphoria resulted from a physical impairment.

Should the Court later determine that the constitutional issue cannot be avoided, the United States respectfully reserves the right to intervene or file a supplemental statement of interest at that time.

Dated:  July 17, 2017               Respectfully submitted,

                                    CHAD A. READLER
                                    Acting Assistant Attorney General

                                    JENNIFER D. RICKETTS
                                    Branch Director

                                    JOSHUA E. GARDNER
                                    Assistant Branch Director

---

[3] The United States takes no position on whether Plaintiff's gender dysphoria is in fact the result of a physical impairment under the statute.  Plaintiff's factual allegations are sufficient to survive a motion to dismiss.

3

/s/ Emily B. Nestler
EMILY B. NESTLER
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue NW
Washington, DC 20530
Tel: (202) 616-8489
Fax: (202) 616-8470
emily.b.nestler@usdoj.gov

*Counsel for the United States of America*

## **CERTIFICATE OF SERVICE**

  I hereby certify that on July 17, 2017, the foregoing United States' Statement of Interest was filed electronically.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

        */s/ Emily B. Nestler*

        EMILY B. NESTLER
        Trial Attorney
        United States Department of Justice, Civil Division