**Trans Resource Foundation LLC**
("Trans-Help")
P.O. Box 4307
Philadelphia, PA 19118
267-235-4570
jchovanes@chovanes.com

March 21, 2018

Hon. Michael A. Shipp
Clarkson S. Fisher Building and U.S. Courthouse
402 East State Street
Trenton, NJ 08608

   Re: Doe v. Arrisi et al., 3: 16-cv-8640-MAS-DEA

Dear Judge Shipp:

   We represent the plaintiff in the above captioned matter, and are writing to inform the Court of the following matters in light of our duty under the NJ Disciplinary Rules of Professional Conduct ("RPC") 3.3(a)1-5 ("Candor Towards the Tribunal"), and the upcoming argument on the state defendants' Motion to Dismiss on April 6th.

   1) New Jersey Senate bill S478

   On January 9, 2018, S478 entitled "Revises procedure for issuance of amended birth certificate for person who has undergone change in gender" was introduced in the New Jersey Senate.   S478 amends the Statute we have attacked in this suit and has "gender" not "sex" be shown on a birth certificate:

Section 1 of P.L.1984, c.191 (C.26:8-40.12) is amended to read as follows:

1.   The State registrar shall issue an amended certificate of birth to a person born in this State who ~~undergoes sex reassignment surgery and~~ requests an amended certificate of birth which shows the ~~sex~~ gender and, if_applicable, the name of the person as it has been changed.

Hon. Michael A. Shipp                                              Page -2-
March 21, 2018
_____

*https://legiscan.com/NJ/text/S478/2018*

See also the Statement of the Senate's HHS and Senior Committee:  S478 is to

"...eliminate references to a person's "sex" and replace with references to a person's 'gender'".

Stmt. of HHS and Sr Cmte., Jan. 22, 2018, available at

*http://www.njleg.state.nj.us/2018/Bills/S0500/478_S1.HTM*

The Court will recall that the elimination of the requirement for sexual reassignment

surgery and a birth certificate that shows Plaintiff's gender are part of the relief Plaintiff is

seeking in this action.  *See, e.g.,* Amended Complaint, Dkt. No. 62, at p. 23:

Plaintiff respectfully requests that this Court:

A) enter a declaratory judgment that:

- the Statute and Defendants' actions in promulgating and enforcing the Statute and the
definitions of sex and sex change violate the Due Process and Equal Protection Clauses
of the 14th Amendment of the United States Constitution, the Americans with
Disabilities Act, and the Rehabilitation Act, and
ii. ***that the Defendants shall recognize gender on birth certificates.***
(*emphasis added*).

*See also* Plaintiff's Response Brief Opposing Defendants' Motion to Dismiss, Dkt. No.

70, at p. 3:

Accordingly, by ceasing enforcement of the illegal Statute and its discriminatory
definitions of sex and sex change, and by recognizing gender on birth certificates, the word
SEX would be replaced by GENDER, and the person's gender would be identified.

S478, adopting Plaintiff's position, and directly opposite to the state defendants' position

here, passed the Senate, on a vote of 30-7 on February 26, 2018, was reported out favorably from

Hon. Michael A. Shipp                                                    Page -3-
March 21, 2018
_____

the Assembly Human Services Committee on February 28, and as of March 12, 2018, is in the

Appropriations Committee in the Assembly, where it is expected to pass and then pass the

general Assembly.  *https://legiscan.com/NJ/research/S478/2018.*  The Governor has indicated he

will sign the bill.  *https://www.murphy4nj.com/issue/ensuring-lgbtq-equality/*

    We believe S478, promulgated by the state legislature, adopting our positions that sex

reassignment surgery is not necessary, and birth certificates should signify gender, <u>and</u> directly

contradicting the state defendants' positions here, is a material fact.  We also believe that the

pendency of the argument on the Motion to Dismiss and opinion that may result require it be

disclosed to the Court, if for no other reason that its passage into law may be around the time of

the hearing and may affect the Court's opinion.  (Note we still have existing claims, including

damages and attorney's fees, even if the bill passes.)

    Because we believe the existence of the bill is a material fact, we are disclosing it here,

under ("RPC") 3.3(a)1-5 ("Candor Towards the Tribunal") and specifically 3.3(a)5, which reads:

    RPC 3.3 Candor Towards the Tribunal

    (a) A lawyer shall not knowingly:

    ...

    5) fail to disclose to the tribunal a material fact knowing that the omission
    is reasonably certain to mislead the tribunal, except that it shall not be a breach of this
    rule if the disclosure is protected by a recognized privilege or is otherwise prohibited
    by law.


    We also believe, depending upon the status of S478, that other sections of RPC 3.3(a)(1)

through (5) may be relevant:

    RPC 3.3 Candor Towards the Tribunal

    (a) A lawyer shall not knowingly:

Hon. Michael A. Shipp                                                                 Page -4-
March 21, 2018
_____

(1) make a false statement of material fact or law to a tribunal;

(2) fail to disclose a material fact to a tribunal when disclosure is necessary to avoid assisting an illegal, criminal or fraudulent act by the client;

(3) fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel;

(4) offer evidence that the lawyer knows to be false. If a lawyer has offered material evidence and comes to know of its falsity, the lawyer shall take reasonable remedial measures; or

(5) fail to disclose to the tribunal a material fact knowing that the omission is reasonably certain to mislead the tribunal, except that it shall not be a breach of this rule if the disclosure is protected by a recognized privilege or is otherwise prohibited by law.

2) The Statements by Senate Majority Loretta Weinberg regarding S478.

We also believe statements by Senate Majority Leader Weinberg about the nature of S478 are material facts that should be disclosed under RPC 3.3(a)5, as they confirm our positions that the Statute is discriminatory, denies Plaintiff her rights, and birth certificates are necessary identification documents:

New Jersey law needs to recognize current practices for gender transitioning, which include nonsurgical therapies, and must afford transgendered individuals the same broad protection of their rights as all citizens to have official identification that reflects their gender.  From applying for travel documents or driver's licenses to school registration, a birth certificate is a necessary document and must be consistent with reality. (*http://www.nj.com/politics/index.ssf/2018/02/transgender_rights_legislation.html*)

We believe the Senate Majority Leader's acknowledgment and admission that our positions are correct that the Statute is discriminatory and a birth certificate is a necessary document should be disclosed to the Court (*see, e.g.,* the Amended Complaint, at para. 76: "Ms.

Hon. Michael A. Shipp                                                     Page -5-
March 21, 2018
_____

Doe's birth certificate is a fundamental identification document, a foundation for other

fundamental identification documents such as a marriage license, passport, driver's license,

etc.").

We also believe, depending upon the status of S478, that other sections of RPC 3.3(a)(1)

through (5) may be relevant.


3)  The Statements by Governor Murphy regarding the Statute.

The Governor has said that the Statute is "archaic and discriminatory", subjects trans

people to "second class status", and needs to be changed "once and for all."

(*https://www.murphy4nj.com/issue/ensuring-lgbtq-equality*/)

The Governor's acknowledgment and admission that our position is correct that the

Statute is discriminatory and relegates trans people to second class status (*see, e.g.,* Counts I - IV

in the Amended Complaint) is a material fact and should be disclosed to the Court under RPC

3.3(a)5.  We also believe, depending upon the status of S478, that other sections of RPC

3.3(a)(1) through (5) may be relevant.

We had asked defendant's counsel to inform the Court of the bill, and the facts above, but

he refused.  Ex.s A, B.

We also submit the Motion to Dismiss should be withdrawn as not being founded in good

faith and possibly even as violative of 28 U.S.C. sec. 1927, in light of the harassing nature of

maintaining an opposition which the state government has admitted is discriminatory and

unfounded.

Hon. Michael A. Shipp                                               Page -6-
March 21, 2018
_____

 Finally, in light of the defendants' positions as noted above, we believe summary

judgment in favor of all of plaintiff's claims is now appropriate because the state has admitted its

conduct is admittedly illegal and discriminatory.  We also seek the Court's leave to show

damages and be granted attorney's fees.


          Respectfully submitted,


          Julie Chovanes, Esq.


encs. - Ex.s A, B

# EXHIBIT A



From: **Julie Chovanes** jchovanes@chovanes.com
Subject: Re: Doe v. Arrisi, 3:16-cv-08640
Date: March 12, 2018 at 11:44 AM
To: Stephen Slocum  Stephen.Slocum@law.njoag.gov
Cc: paul Fitzmaurice  paulrfitzmaurice@gmail.com
Bcc: kevin.barry@quinnipiac.edu, **Ezra Young** ezra.i.young@gmail.com

Dear Steve:

Because of recent events, this will serve to put you on notice of the following, and call on you to fulfill your duty of candor toward the tribunal in the above matter according to NJ Disciplinary Rules of Professional Conduct ("RPC") 3.3(a)1-5 ("Candor Towards the Tribunal"):

1)  The passage of bill S478 through the legislature.  This bill, to amend the Statute we have attacked in this suit, has "gender" <u>not</u> "sex", be reflected on a birth certificate -- <u>precisely as we are seeking in the Amended Complaint</u>.  *Compare* Stmt. Of Senate HHS and Sr. Citizens Cmte., dated 1/22/18 (S478 is to "...eliminate references to a person's "sex" and replace with references to a person's 'gender'") *with* the Amended Complaint: "The male "sex" classification on her birth certificate issued by the Defendants' does not recognize her gender."; *See also* Plaintiff's Response Brief Opposing Defendants' Motion to Dismiss, Dkt. No. 70, at pp. 2-4.

The legislature's adoption of our position must be conveyed to the Court according to RPC 3.3(a)1-5.

2)  The statements by Senate Majority Loretta Weinberg confirming our positions that the Statute is discriminatory and has denied plaintiff her rights, and that birth certificates are necessary identification documents:

> New Jersey law needs to recognize current practices for gender transitioning, which include nonsurgical therapies, and must afford transgendered individuals the same broad protection of their rights as all citizens to have official identification that reflects their gender.  From applying for travel documents or driver's licenses to school registration, a birth certificate is a necessary document and must be consistent with reality.
>
> (http://www.nj.com/politics/index.ssf/2018/02/transgender_rights_legislation.html)

The Senate Majority Leader's acknowledgment that our position is correct that the Statute is discriminatory (*see, e.g.,* Counts I - IV in the Amended Complaint) must be conveyed to the Court according to RPC 3.3(a)1-5.

3)  The Governor's statements that the Statute is "archaic and discriminatory", subjects trans people to "second class status", and needs to be changed "once and for all."  (https://www.murphy4nj.com/issue/ensuring-lgbtq-equality/)

The Governor's acknowledgment that our position is correct that the Statute is discriminatory (*see* Counts I - IV in the Amended Complaint) must be conveyed to the Court according to RPC 3.3(a)1-5.

Of course, in addition to the above examples supporting our client's positions, your duty is to notify the Court of all such examples.

It is also our position that you are on notice of any and all statements made in this matter in support of your Motion to Dismiss are now contradicted by the Administration and Legislature.  We believe that your Motion should now be withdrawn in its entirety, and your continuing the Motion now is harassing litigation (*see* 35 USC sec. 1927.)

Finally, please inform us if you will agree to the entry of relief in this case by stipulated summary judgment, including injunctive relief and damages for the prior administration's discriminatory conduct and violation of our client's rights, as now admitted by the legislature and current administration.

We believe you should act immediately out of respect for the Court's resources and in light of the forthcoming hearing on April 6th.  If we do not hear from you by **Thursday, March 15**, we shall proceed to inform the Court.


Julie

Julie Chovanes
jchovanes@chovanes.com
267-235-4570

Attorney-Client Privilege/Attorney Work Product. This transmittal may contain privileged and confidential information, and is intended only for the recipient(s) listed above. If you are neither the intended recipient(s), nor a person responsible for the delivery of his transmittal to the intended

intended recipient(s), nor a person responsible for the delivery of his transmittal to the intended recipient(s), you are hereby notified that any distribution or copying of this transmittal is prohibited. If you have received this transmittal in error, please notify us by return email immediately.

**EXHIBIT B**



From:     **Stephen Slocum**  Stephen.Slocum@law.njoag.gov
Subject:  RE: Doe v. Arrisi, 3:16-cv-08640
Date:     March 13, 2018 at 11:11 AM
To:       Julie Chovanes  jchovanes@chovanes.com
Cc:       paul Fitzmaurice  paulrfitzmaurice@gmail.com

Good afternoon, Julie.

Please note that although Senate Bill No. 478 was passed by the Senate on February 26, 2018, it
has not yet been voted on by the Assembly, the second house of New Jersey's Legislature.  If the
bill moves through the Assembly and is passed by that house, the Governor will then have the
opportunity to act upon it.  That has not happened yet.  Accordingly, at this time, there is no
change to relevant New Jersey law.

Thank you for your thoughts regarding this office's ethical obligations.

Sincerely,
-Steve

**Stephen Slocum**
Deputy Attorney General
Division of Law
Health and Human Services Section
Richard J. Hughes Justice Complex
25 Market Street
P.O. Box 112
Trenton, NJ 08625
609-376-2583 (phone) *Note new phone number
609-777-4036 (fax)
stephen.slocum@law.njoag.gov

---

**From:** Julie Chovanes [mailto:jchovanes@chovanes.com]
**Sent:** Monday, March 12, 2018 1:45 PM
**To:** Stephen Slocum
**Cc:** paul Fitzmaurice
**Subject:** Re: Doe v. Arrisi, 3:16-cv-08640

Dear Steve:
Because of recent events, this will serve to put you on notice of the following, and call on
you to fulfill your duty of candor toward the tribunal in the above matter according to NJ
Disciplinary Rules of Professional Conduct ("RPC") 3.3(a)1-5 ("Candor Towards the
Tribunal"):
1)  The passage of bill S478 through the legislature.  This bill, to amend the Statute we have
attacked in this suit, has "gender" _not_ "sex", be reflected on a birth certificate -- <u>precisely as
we are seeking in the Amended Complaint</u>.  *Compare* Stmt. Of Senate HHS and Sr. Citizens
Cmte., dated 1/22/18 (S478 is to "...eliminate references to a person's "sex" and replace with
references to a person's 'gender'") *with* the Amended Complaint: "The male "sex" classification on
her birth certificate issued by the Defendants' does not recognize her gender."; *See also* Plaintiff's Response
Brief Opposing Defendants' Motion to Dismiss, Dkt. No. 70, at pp. 2-4.
The legislature's adoption of our position must be conveyed to the Court according to RPC
3.3(a)1-5.