# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

JANE DOE,

    Plaintiff,

v.

VINCENT T. ARRISI, et al.,

    Defendants.

Civil Action No. 16-8640 (MAS) (DEA)

**MEMORANDUM ORDER**

This matter comes before the Court on correspondence from the State (ECF No. 102) and Plaintiff (ECF No. 103) regarding N.J.S.A. 26:8-40.12, as amended by Senate Bill No. 478, which became effective on February 1, 2019. The Court also held a telephonic status conference on February 7, 2019. (ECF No. 105.)

The State contends that N.J.S.A. 26:8-40.12, as amended by Senate Bill No. 478, provides Plaintiff with the request she sought in her Amended Complaint, and therefore, the matter is moot. (State Correspondence 1-3, ECF No. 102.) The State also argues Plaintiff has failed to demonstrate she is entitled to damages, and alternatively, Plaintiff has abandoned such a request. (*Id.*) Plaintiff disagrees. Although she concedes the current version of N.J.S.A. 26:8-40.12 now allows her to obtain a gender accurate birth certificate, she argues she has a fundamental right to such a birth certificate. (*See* Pl.'s Correspondence 1, ECF No. 103.) Therefore, Plaintiff contends the matter is not moot, and also argues she has demonstrated she is entitled to damages.

The Court finds N.J.S.A. 26:8-40.12, as amended by Senate Bill 478, provides Plaintiff with the relief sought in her Amended Complaint. Plaintiff's Amended Complaint requests declaratory relief, finding "the Statute and Defendants' actions in promulgating and enforcing the [s]tatute" violate the Fourteenth Amendment, the Americans with Disabilities Act, and the

Rehabilitation Act. (Am. Compl. ¶ A, ECF No. 62.) Plaintiff also requests injunctive relief, requiring the State to, among other things, "cease enforcing [the prior iteration of N.J.S.A. 26:8-40.12]" and "[p]rovide gender accurate birth certificates to trans people . . . ." (Am. Compl. ¶ B.) Thus, Plaintiff's requests are directed at the State itself, and, by amending N.J.S.A. 26:8-40.12, the State is no longer committing the acts Plaintiff accuses it of violating.

Conspicuously missing from Plaintiff's request for relief is a finding that Plaintiff has a federal constitutional right to a gender accurate birth certificate. Instead, Plaintiff's requests are directed at the State specifically. Further, Plaintiff's Amended Complaint fails to name a federal defendant,[1] and it is unclear to the Court how Plaintiff wishes to obtain federal relief from the State of New Jersey.

Accordingly, N.J.S.A. 26:8-40.12, as amended by Senate Bill 478, provides Plaintiff with the relief sought in her Amended Complaint. Plaintiff failed to demonstrate she is entitled to damages, and therefore, the pending motions are moot. The Court, therefore, denies as moot the pending motions, (ECF No. 69, 71, 98), and orders the Clerk to close the matter.

For the reasons set forth on the record, and for other good cause shown,

IT IS on this 12th day of April 2019 **ORDERED** that:

1. The Court **DENIES** as moot the pending motions. (ECF Nos. 69, 71, 98.)

---

[1] The Court notes that, in association with Plaintiff's original complaint, the Court certified to the United States Attorney General that a constitutional question had been raised, and permitted the Government the opportunity to intervene. (ECF No. 34.) The Government subsequently filed a statement of interest, indicating its interest in the action because Plaintiff's original Complaint raised a constitutional challenge regarding the Americans with Disabilities Act ("ADA") (Statement of Interest, ECF No. 49). The Government noted that the Court need not reach the constitutionality of that provision because Plaintiff alleged her disability—gender dysphoria ("GD")—resulted from a physical impairment; the ADA, however, only encompasses "gender identity disorders *not resulting from physical impairments*." 42 U.S.C. § 12211(b) (emphasis added) (*Id.*). Plaintiff subsequently filed an Amended Complaint, again asserting that the State violated the ADA, and adding that the State violated the Rehabilitation Act of 1973. (Am. Compl. ¶¶ 110, 120.) Plaintiff's Amended Complaint, again, failed to name a federal defendant. (*See generally id.*)

2

2. The Clerk is hereby ordered to close the matter.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE